UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAVAN MOORE, | ) C/A No. 4:06-3167-MBS-TER |
|                         Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| JOHN DOE, UNKNOWN EMPLOYEE OF THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, | ) |
|                        Defendant. | ) |

## I. INTRODUCTION

The plaintiff, Javan Moore ("plaintiff/Moore"), properly filed this action under 42 U.S.C. § 1983[1] on January 5, 2007, with a Houston v. Lack delivery date of January 4, 2007, alleging that he was forced to serve more time than required by a state sentence. The defendant filed a motion for summary judgment on October 30, 2007, along with a memorandum in support of that motion. Because the plaintiff is proceeding pro se, he was advised on or about October 31, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge

additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response on November 19, 2007 (document # 41).

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights were violated because he was wrongfully required to serve a six-year sentence rather than the five-year sentence as ordered by state judge, Judge Clary, in August of 2000 following plaintiff's violation of previously ordered probation.. Therefore, plaintiff argues that defendant SCDC falsely imprisoned him and wrongfully deprived him of his liberty in violation of the United States Constitution. Plaintiff seeks compensation from the SCDC for the time he alleges he was wrongfully required to serve.

Defendants move this Court for summary judgment arguing that SCDC is not a person amenable to suit under 42 USC §1983, that plaintiff's claims are time barred by the applicable statue of limitations, and that there are no genuine issues of material fact in dispute regarding the time served by plaintiff in connection with the sentence ordered by Judge Clary following plaintiff's probation violation.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by <u>pro se</u> litigants, to allow

them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c)

3

because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV.  APPLICABLE LAW AND ANALYSIS

Defendant argues that plaintiff's claims are time barred by the applicable statute of limitations. Specifically, defendant argues that plaintiff's claims are time barred because any claims plaintiff may have had regarding his incarceration would have arisen by February 28, 2003, at the very latest, as this was the date of his release by SCDC. Therefore, defendant asserts there can be no dispute that any claim plaintiff may have had for having been imprisoned wrongfully in excess of the ordered sentence would have accrued on or before February 28, 2003. Defendant argues that plaintiff's complaint dated January 3, 2007, was filed on January 5, 2007, with a Houston v. Lack delivery date of January 4, 2007. Thus, defendant asserts that, assuming the most liberal start date possible, plaintiff's claims in this litigation must have arisen on or after January 3, 2004, for his complaint of January 3, 2007, to have been timely brought within the three-year statute of limitations.

In his response to the motion for summary judgment, plaintiff does not respond to the statute of limitations argument by defendant.

It is settled that there is no federal statute of limitations for section 1983 actions. Instead, the analogous state statute governing personal injury actions applies in section 1983 cases. *See* Wilson v. Garcia, 471 U.S. 261 (1985). The statute of limitations for section 1983

4

causes of action arising in South Carolina is three years. *See* S.C. Code Ann. § 15-3-530(5);[2] *see also* Simmons v. South Carolina State Ports Auth., 694 F.2d 64 (4th Cir. 1982) (citing to previous version of statute); Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998)(unpublished) (Table). Under South Carolina statute 15-3-535, "the statute of

---

[2] *See* § 15-3-530, South Carolina Code of Laws:
For causes of action arising or accruing on or after April 5, 1988, the following provisions will apply:

. . . .

Within three years:

(1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;

(2) an action upon a liability created by statute other than a penalty or forfeiture;

(3) an action for trespass upon or damage to real property;

(4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;

(5) an action for any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;

(6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;

(7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

(8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and

(9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." True v. Monteith, 327 S.C. 116, 120, 489 S.E.2d 615, 617 (1997)(professional malpractice case). However, South Carolina law is also clear that the allegedly injured plaintiff must exercise "reasonable diligence" in the pursuit of any personal injury action. According to the South Carolina Supreme Court,

> "[t]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and *not when advice of counsel is sought or a full-blown theory of recovery developed.*"

Snell v. Columbia Gun Exchange, Inc., 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981) (emphasis added). Also, it is clear that the question of whether the plaintiff has exercised this "reasonable diligence" is "an objective determination," Wilson v. Shannon, 299 S.C. 512, 386 S.E.2d 257 (Ct.App.1989), and "the fact that the injured *party may not comprehend the full extent of the damage* is immaterial." Dean v. Ruscon Corp., 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996)(property damage case) (citations omitted). Furthermore, according to this Court,

> the focus is upon the *date of discovery of the injury*, not the date of discovery of the wrongdoer: The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on *the date of injury*, a plaintiff knows

6

>or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury.

Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 620 (D. S.C. 1993) (emphasis added).

Plaintiff was released from incarceration on February 28, 2003. Therefore, plaintiff certainly knew by that point that he had served six years as opposed to five years as alleged in his complaint.[3] Therefore, giving plaintiff the benefit of the doubt, February 28, 2003, would be the latest date to begin the running of the statute of limitations. In order to sue under 42 U.S.C. § 1983 for constitutional violations that occurred on or prior to February 28, 2003, plaintiff would have had to bring his section 1983 claim at least by February 28, 2006. The Complaint in this case was "formally" filed in this Court on January 5, 2007, with a Houston v. Lack delivery date of January 4, 2007.[4] As a result, it appears without doubt that plaintiff's complaint was filed outside the applicable statute of limitations and, therefore, fails to state a claim upon which relief may be granted. Compliance with the applicable statute of limitations is a clear requirement for all litigants, whether with counsel or appearing *pro se* as does plaintiff in this case. Such compliance is necessary to the proper functioning of the judicial system and must be enforced by this Court, unless waived by

---

[3] In his complaint form, plaintiff stated that he first filed a grievance in January 2000 concerning the claims raised in this matter.

[4] In the event that a limitations issue arises in prisoner-filed litigation, the plaintiff has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). Houston v. Lack holds that timeliness issues surrounding prisoner pleadings will be based on the date that the prisoner turned his pleading over to prison authorities for mailing.

defendants. In this regard, the United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations as follows:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human.

United States v. Newman, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).

Based on the above, this action should be dismissed for it is barred by the statute of limitations.[5]

In the alternative, based on the affidavit of James E. Brennan, Jr., Assistant Division Director, Inmate Records, SCDC, and the attached exhibits, defendant's motion for summary judgment should be granted in that there are no genuine issues of fact in dispute regarding the time served by the plaintiff. Brennan attests that on February 28, 2003, after having served approximately two (2) years and two hundred three (203) days of actual time, plaintiff was released from SCDC upon satisfaction of the five (5) year sentence imposed by Judge Clary on August 25, 2000. (See Brennan's affidavit and Exhibit G). Defendant

---

[5] Plaintiff's first complaint was docketed in this case on November 9, 2006. However, plaintiff had not signed the complaint so an order was issued to bring the complaint into proper form. Plaintiff re-filed the signed complaint on January 5, 2007. Based on the envelope from the first complaint, there was no stamped date by the prison. Further, plaintiff did not sign and date the complaint. However, even assuming the first date of November 2006, was the correct date for purposes of the statute of limitations, it would not make a difference with respect to the three statute of limitations in this case. Even based on plaintiff's release date of February 28, 2003, the complaint would have had to be deposited by February 2006.

submitted a correspondence to plaintiff dated November 7, 2000, by Felicia Ogunsile, Case Manager for Perry Correctional Institution that states "As I told you in my office there is nothing wrong with you[r] projected maxout date of February 10, 2003. Your sentence is satisfied when the sum of Service Time, Good Time, Earned Work Credits and Education Credits equals five (5) years. This [is] not based on any minimum percentage of time to serve such as 51%. The maxout date is a projection of when this will occur." Defendants submitted an inmate correspondence dated August 20, 2002, to plaintiff from Bertie L. Blanding, Classification Case Manager at Lee Correctional Institution, who informed plaintiff that "During our meeting in my office, I made several attempts to explain to you that currently you are serving a five (5) year sentence that starts on 8-10-2000 with a current max-out date of 2-28-2003. At your current rate, you will complete six (6) months and 18 days of your five (5) year sentence." Plaintiff has not provided sufficient evidence to overcome these facts or to create a genuine issue of fact. Plaintiff asserts in his complaint and response that an SCDC employee verbally advised him that he was serving a six (6) year sentence and showed him on a computer that he was serving a six (6) year sentence as opposed to a five year sentence. However, defendant has submitted sentence orders and the dates of incarceration along with an affidavit asserting plaintiff received a five year sentence for violating the terms of his probation, the start date of his sentence was August 10, 2000, and the release date was February 28, 2003. Based on the evidence submitted, it is recommended that defendant's motion for summary judgment be granted.

## III.  CONCLUSION

It is, therefore, RECOMMENDED that defendant's Motion for Summary Judgment (Document #33) be GRANTED and this case dismissed.

                                       Respectfully submitted,

                                       s/Thomas E. Rogers, III
                                       Thomas E. Rogers, III
                                       United States Magistrate Judge

May 13, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**