IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Javan Moore, ) | |
| ) | C/A No. 4:06-3167-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R   A N D** |
| South Carolina Department of Corrections; ) | **O P I N I O N** |
| and John Doe, Unknown Employee of the ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is a pro se action brought by Javan Moore ("Plaintiff"), a former inmate of the South Carolina Department of Corrections ("SCDC"), against the SCDC and John Doe, an unknown employee of the SCDC ("Defendants"). Plaintiff claims that Defendants forced him to serve more time than was required by his sentence. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking compensation for the additional time he alleges he was forced to serve. Plaintiff's Pro Se Complaint, p. 5.

This matter is now before the court on Defendants' motion for summary judgment, filed on October 30, 2007. On October 31, 2007, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment standard and the possible consequences if he failed to respond to Defendants' motion within ten (10) days. Plaintiff responded to Defendants' motion for summary judgment on November 19, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On May 13, 2008, the Magistrate Judge issued a Report in which he determined that summary judgment should be

granted for Defendants. On May 27, 2008, Plaintiff filed objections to the Report and Recommendation. On May 29, 2008, Defendants filed a response to Plaintiff's objections. On June 23, 2008, Plaintiff submitted an affidavit in support of his objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## I. FACTS

On August 25, 2000, Plaintiff was sentenced to five years in prison for violating the terms of his probation. Brennan Affidavit, p. 2. Upon incarceration, Plaintiff alleges a case worker at the South Carolina Department of Corrections ("SCDC") informed him that he was serving a sentence of six years, due to "computer error." Plaintiff's Pro Se Complaint, p. 3. During his incarceration with SCDC, Plaintiff submitted numerous inquiries regarding the length of his sentence. Brennan Affidavit, p. 3. Plaintiff was informed on each occasion that he was serving a five year sentence. Id. On February 28, 2003, after serving two years and two hundred and three days, Plaintiff was released from the SCDC. Id. at p. 2. Plaintiff filed the instant action on January 4, 2007.[1]

---

[1] Calculated from the date of delivery, pursuant to Houston v. Lack, 487 U.S. 266 (1988).

II. DISCUSSION

A. Statute of Limitations

The Magistrate Judge found that "Plaintiff's complaint was filed outside the applicable statute of limitations and, therefore, fails to state a claim upon which relief may be granted." Report and Recommendation, p. 7. Plaintiff objects to this finding on the ground that the "discovery rule should apply to this [§ 1983] claimes [sic]." Plaintiff's Objections, p. 1. Plaintiff also contends that he should not be subject to a statute of limitations defense because his "paperwork" was in the possession of his two attorneys for the majority of the applicable statute of limitations. Id.

Under South Carolina law, Plaintiff had three years from the date he discovered his injury to file a § 1983 action against Defendants. See S.C. Code Ann. § 15-3-530, 535. As the Magistrate Judge correctly observed, Plaintiff has long asserted that he was forced to serve an incorrect sentence. Plaintiff's complaint acknowledges that he first filed a grievance regarding the length of his sentence in 2000. Plaintiff's Pro Se Complaint, p. 2. Furthermore, Defendants have put forth evidence establishing that Plaintiff filed similar grievances with SCDC personnel on five additional occasions. See Defendants' Motion for Summary Judgment, Exhibit H. Even if the court were to give Plaintiff the benefit of the doubt and run the statute of limitations from Plaintiff's last day of incarceration on February 28, 2003, Plaintiff's action would be untimely.

Plaintiff's failure to meet the statute of limitations cannot be equitably remedied based on Plaintiff's allegation that his attorneys failed to properly prosecute his action. Under South Carolina law, equitable tolling applies only "when the plaintiff has been induced or relies on the defendant's conduct or promises . . . ." Rink v. Richland Memorial Hosp., 422 S.E.2d 747, 749 (S.C. 1992). There is no evidence in the record that Defendants made any promises to Plaintiff that would have

induced him to file his claim outside of the applicable statute of limitations period. Accordingly, the court finds that Plaintiff's action is untimely and must be dismissed.

B. Merits of Plaintiff's Claim

Having reviewed the Report and Recommendation, pleadings, motions, and exhibits, the court also concurs with the Magistrate Judge's finding that Defendant's motion for summary judgment should be granted because there are no genuine issues of material fact. Plaintiff did not object to this finding. In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### III.  CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment (Entry 33) is GRANTED and Plaintiff's complaint is hereby dismissed. The court adopts and incorporates herein by reference the Report and Recommendation.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

July 17, 2008
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**